## UNITED STATES *v.* GRAHAM & ZENGER, INC.

**No. 5751.**—Invoice dated Boussu, Belgium, September 7, 1935.
Entered at New York, N. Y., September 28, 1935.
Entry No. 735463.

### Second Division, Appellate Term

(Decided October 29, 1942)

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*Daniel P. McDonald* for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This application was filed by the Government for the purpose of securing a review of the decision and judgment of the trial court, reported as Reap. Dec. 5643.

The merchandise consists of glassware imported from Belgium and entered at the port of New York on September 28, 1935. It was appraised on December 9, 1940, which was more than 5 years after entry. The appraisement was made on the basis of foreign value at various unit prices, less 10 percentum, less 2½ percentum, net packed.

The importer contended in the court below, and contends here, that there is no foreign value for the merchandise. This contention is based upon the specific allegation that the foreign market is a restricted or controlled market by reason of the fact that once the manufacturer sells the merchandise in the home market, because of a system of Government licensing control, the merchandise is never permitted to leave the country of Belgium.

The importer further contends that the proper basis of appraisement is export value and that such value is correctly represented by the invoice and entered value.

For the purpose of establishing its claims the importer, through its counsel, presented the testimony of two witnesses, and the Government in opposing the importer's contentions offered two special agent's reports.

The trial court, after thoroughly considering the evidence, found that there was no foreign-market value, that the proper basis of appraisement is export value, and that such values are the entered values. The trial court, in finding that there was no foreign value, relied upon the cases of *Goodyear Tire & Rubber Co.* v. *United States*, 11 Ct. Cust. Appls., 351; *Cottman* v. *United States*, 20 C. C. P. A. 344; *United States* v. *Half Moon Manufacturing & Trading Co., Inc.*, 28 C. C. P. A. 1; and *United States* v. *Pauls*, 28 C. C. P. A. 7.

After hearing argument of counsel for both parties we have carefully considered all of the evidence before us, and find that the decision and judgment of the trial court is amply supported both by the evidence and the authorities cited and relied upon.

In view of the thorough treatment by the trial court of the questions presented, we feel that no useful purpose would be served by a further discussion by us. The reasoning of the trial court is logical and sound, and the conclusions reached are amply supported by the evidence and the authorities cited and discussed.

We, therefore find as matter of fact:

(1) That the merchandise in question consists of glassware exported from Belgium and entered at the port of New York on September 28, 1935, and appraised on December 9, 1940.

(2) That at or about the date of exportation of the merchandise herein there was no foreign market for such or similar merchandise, in that said market was controlled or restricted.

(3) That the proper dutiable export values of said merchandise are the entered values.

We, therefore, hold as matter of law, that the correct dutiable export values of the glassware here in question are the entered values. The decision and judgment of the trial court are accordingly affirmed. Judgment will be rendered accordingly.